LCM                                                              55954-2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN A. MILES, | ) FILED |
| | ) MAY 12, 2008                    YM |
| Plaintiff, | ) 08CV2734 |
| | ) JUDGE HOLDERMAN |
| v. | ) Case No.: |
| | ) MAGISTRATE JUDGE MASON |
| HOME DEPOT USA, INC., | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, JOHN A. MILES, by and through his attorneys, LYNDON C. MOLZAHN and MENGES & MOLZAHN, LLC, and complaining of the defendant, HOME DEPOT USA, INC., states as follows:

### JURISDICTION

1.  Jurisdiction is based upon 28 U.S.C. §1331 and 28 U.S.C. §1343.

2.  The plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A". The EEOC has issued to plaintiff a Notice of Right to Sue, dated February 22, 2008, which is attached hereto and marked as Exhibit "B".

### VENUE

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because the events giving rise to this claim and cause of action occurred in the Northern District of Illinois.

## THE PARTIES

4. The plaintiff, JOHN A. MILES, is a resident of the State of Illinois. He was employed by the Home Depot from September 26, 1994 through August 25, 2001, and from April 1, 2002 until May 25, 2006. His date of birth is July 13, 1964.

5. The defendant, HOME DEPOT USA, INC., d/b/a The Home Depot, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. At all times relevant herein, the defendant has conducted and continues to conduct business in the State of Illinois.

## STATEMENT OF FACTS

6. The plaintiff was the store manager of the Home Depot Store #6701, in Elk Grove, Illinois for more than two years, until a hostile work environment and discriminatory treatment against him, based both on his sex and age, forced his resignation on May 25, 2006.

7. The plaintiff was given a performance rating of "I" (or a "PIP") in July of 2005, without any previous warnings, written or verbal. This rating, and the purported reasons for it, was inconsistent with the treatment given younger and female assistant managers at my same store. The written "PIP" stated that it was not to exceed sixty days.

8. Upon return from medical leave of absence, in the fall of 2005, the plaintiff received no follow up or direction on the "PIP" from then District Manager, Michael Koulianous or regional human resource manager.

9. In February 2006, the plaintiff was advised at a meeting with District Manager, Jeff Ferreira, and Regional Human Resource Manager, Jody Beemsterboer that he was still on the "PIP."

10. When the plaintiff received his annual review in April of 2006, he was given a "P" or Performer rating on performance, a "3" rating, acceptable rating, on leadership, and a "=" or grow in position rating on potential.

11. The plaintiff had a six and a half hour meeting with District Manager, Jeff Ferreira and Regional Human Resource Manager, Jody Beemsterboer on May 16, 2006, in which he was directed to take over full responsibilities and duties of the open pro-department supervisor position, as well as take over full responsibilities and duties of the open specialty assistant manager position, He was also instructed to stop holding two current assistant managers accountable for their job responsibilities.

12. The plaintiff was advised by District Manager, Jeff Ferreira, on May 17, 2006 that any day he would be terminated.

13. On Monday, May 22, 2006, the plaintiff asked District Manager, Jeff Ferreira for written clarification on the six and a half hour meeting from the previous week, which was never provided.

## VIOLATION OF TITLE VII

14. JOHN A. MILES is a member of a protected class under Title VII. of the Civil Rights Act of 1964, as amended, and is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq.

15. The conduct of the defendant/employer, HOME DEPOT USA, INC., d/b/a The Home Depot, constitutes unlawful discrimination in violation of Title VII of the

Civil Rights Act of 1964, on the basis of sex, and unlawful discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq. on the basis of his age.

16. As a direct and proximate result of the above-alleged intentional, malicious and willful acts of the defendant, the plaintiff has suffered damages, including lost wages and other benefits, embarrassment and humiliation, loss of enjoyment of life, inconvenience and non-pecuniary losses and damage to his professional career.

WHEREFORE, the plaintiff JOHN A. MILES respectfully prays that this Honorable Court find in his favor and against the defendant, HOME DEPOT USA, INC., as follows:

a) Enter a declaratory judgment that the defendant's actions are unlawful and violative of Title VII of the Civil Rights Act;

b) Award the plaintiff compensatory and punitive damages, as allowed by law, including, but not limited to, all earnings, wages, other benefits that he would have received but for the defendant's unlawful conduct;

c) Award the plaintiff the value of all compensation and benefits that he will lose in the future as a result of defendant's unlawful conduct;

d) Award the plaintiff damages for emotional distress and all other non-pecuniary losses; and

e) Award the plaintiff reasonable attorney's fees, costs and disbursements for bringing such action.

                JOHN A. MILES, Plaintiff

      By:   /s/ Lyndon C. Molzahn
           Lyndon C. Molzahn, One of His Attorneys

Lyndon C. Molzahn
MENGES & MOLZAHN, LLC
20 North Clark Street
Suite 2300
Chicago, IL 60602
(312) 917-1880
(312) 917-1851 – Fax
ARDC #1941186

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2007-01397 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John Miles | (815) 625-0761 | 07-13-1964 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2109 16th Avenue, | Sterling, IL 61081 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE HOME DEPOT | 500 or More | (847) 352-3325 |

| Street Address | City, State and ZIP Code |
|---|---|
| 600 Meachan, | Elk Grove Village, IL 60007 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-01-2005   Latest: 05-25-2006

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent In or about April 2002, my most current position was Store Manager. Since July 2005, I was subjected to different terms and conditions of employment in that my work was closely scrutinized. In May 2006, I was constructively discharged.

I believe that I have been discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that I have been discriminated against because of my age, 42 years old (d.o.b. 07/13/1964), in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
DEC 21 2006
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Dec 11, 2006   *[signature]*
Date   Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EXHIBIT A

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | John Miles<br>2109 16th Avenue<br>Sterling, IL 61081 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL  7099 3400 0018 8815 7015

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-01397 | Amy Burkholder, Investigator | (312) 353-8906 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*      2/22/08

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc:  THE HOME DEPOT

EXHIBIT B