IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. MILES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　Defendant. | CASE NO. 08 CV 2734<br><br>HONORABLE JAMES F. HOLDERMAN<br><br>MAGISTRATE JUDGE MASON |

**DEFENDANT'S ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Home Depot U.S.A., Inc., by its attorneys, Littler Mendelson, P.C., submits the following Answer and Defenses to Plaintiff's Complaint:

**JURISDICTION**

1.　Defendant admits the averments contained in Paragraph 1 of Plaintiff's Complaint.

2.　Defendant admits only that Plaintiff filed a charge with the EEOC (Exhibit A) and that Plaintiff received a Right to Sue dated February 22, 2008 (Exhibit B). Defendant denies that Plaintiff "timely" filed the charge for the reason that the averments are untrue.

**VENUE**

3.　Defendant admits that venue is proper, and denies that any improper event occurred in this District.

**THE PARTIES**

4.　Defendant admits the averments contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the averments contained in Paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF FACTS

6. Defendant admits only that Plaintiff "was the store manager of the Home Depot Store #6701" and that he voluntarily resigned on or about May 25, 2006. Defendant denies the remaining averments contained in Paragraph 6 of Plaintiff's Complaint for the reason that said averments are untrue.

7. Defendant denies the averments contained in Paragraph 7 of Plaintiff's Complaint for the reason that said averments are untrue.

8. Defendant denies the averments contained in Paragraph 8 of Plaintiff's Complaint for the reason that said averments are untrue.

9. Defendant denies the averments contained in Paragraph 9 of Plaintiff's Complaint for the reason that said averments are untrue.

10. Defendant admits the averments contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the averments contained in Paragraph 11 of Plaintiff's Complaint for the reason that said averments are untrue.

12. Defendant denies the averments contained in Paragraph 12 of Plaintiff's Complaint for the reason that said averments are untrue.

13. Defendant denies the averments contained in Paragraph 13 of Plaintiff's Complaint for the reason that said averments are untrue.

## VIOLATION OF TITLE VII

14. Defendant admits the averments contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the averments contained in Paragraph 15 of Plaintiff's Complaint for the reason that said averments are untrue.

16. Defendant denies the averments contained in Paragraph 16 of Plaintiff's Complaint for the reason that said averments are untrue.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed and that a judgment of no cause for action be entered in favor of Defendant together with costs and attorney fees.

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE
(Good Cause)

There was good cause for the conduct of Defendant as alleged by Plaintiff.

### THIRD DEFENSE
(Legitimate Business Reasons - No Evidence of Pretext)

Defendant had legitimate nondiscriminatory business reasons for the actions taken by Defendant as alleged by Plaintiff and there is no evidence of pretext.

### FOURTH DEFENSE
(Failure To Timely Exhaust)

Plaintiff's claims under Title VII are barred to the extent the Complaint alleges discriminatory conduct that was not previously alleged in a timely filed administrative charge filed against Defendant by Plaintiff, or otherwise exceeds the scope of any such charges, or the EEOC's investigation.

## FIFTH DEFENSE

(Mitigation)

All of the damages allegedly sustained by Plaintiff could have been avoided by principles of mitigation.

## SIXTH DEFENSE

(Voluntary Quit)

Plaintiff voluntarily quit thereby failing to mitigate his alleged damages.

## RESERVATION OF RIGHT

Defendant reserves the right to file, upon completion of its investigation and discovery, such amended answers and defenses as may be appropriate.

LITTLER MENDELSON, P.C.

/s/ Charles C. DeWitt, Jr.
Charles C. DeWitt, Jr. (#P26636)
200 Renaissance Center
Suite 3110
Detroit, Michigan  48243
(313) 446-6401
(313) 446-6405 (FAX)
cdewitt@littler.com

DATED:  July 21, 2008                *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he served a copy of ***Defendant's Answer and Defenses to Plaintiff's Complaint*** to the following via the Court's electronic filing system, on July 21, 2008:  Lyndon C. Molzahn, Menges & Molzahn, LLC, 20 North Clark Street, Suite 2300, Chicago, Illinois  60602.

                                                /s/ Charles C. DeWitt, Jr.
                                                  Charles C. DeWitt, Jr.